UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

SASQUATCH DURGIN,

    Plaintiff,
v.

CARNIVAL CORPORATION, a Panama corporation, d/b/a CARNIVAL CRUISE LINES; UNKNOWN MANUFACTURER OF BARSTOOL AND PARTS; UNKNOWN DISTRIBUTOR OF BARSTOOL AND PARTS; and UNKNOWN RETAILER OF BARSTOOL AND PARTS,

    Defendants.
_____/

## COMPLAINT

Plaintiff SASQUATCH DURGIN hereby demands a jury trial and against Defendant CARNIVAL CORPORATION, a Panama corporation, d/b/a CARNIVAL CRUISE LINES, and Defendants UNKNOWN MANUFACTURER OF BARSTOOL AND PARTS, UNKNOWN DISTRIBUTOR OF BARSTOOL AND PARTS and UNKNOWN RETAILER OF BARSTOOL AND PARTS and alleges as follows:

### I. PRELIMINARY ALLEGATIONS

1. This is a civil action for monetary damages based on negligence due to personal injuries sustained by Plaintiff SASQUATCH DURGIN on or about October 4, 2015 while traveling as a fare paying passenger aboard Defendant CARNIVAL CORPORATION, a Panama corporation, d/b/a CARNIVAL CRUISE LINES' vessel "Carnival Imagination".

2.      Pursuant to the ticket contract for the subject cruise, Defendant was notified of Plaintiff's claim for personal injuries within the specified 185 days after the subject injury, sent via certified mail on December 17, 2015 and received by Defendant on December 22, 2015.

## II.  JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1333, as Plaintiff's claims arise within this Court's within the Admiralty and Maritime jurisdiction based upon a contractual forum selection clause contained in the ticket contract for the subject cruise.

4.      The Court has personal jurisdiction over Defendant CARNIVAL CORPORATION, a Panama corporation, d/b/a CARNIVAL CRUISE LINES.

5.      Venue is proper in the Southern District of Florida pursuant to the forum selection clause in the applicable passenger agreement and as Defendant CARNIVAL CORPORATION's principle place of business is within the County of Miami-Dade, State of Florida.

## III.  PARTIES

6.      Plaintiff SASQUATCH DURGIN is an individual competent adult presently residing in the City of Hawthorne, County of Los Angeles, State of California.

7.      Plaintiff is informed, believes, and on that basis alleges, that Defendant CARNIVAL CORPORATION, a Panama corporation, d/b/a CARNIVAL CRUISE LINES (hereinafter "CARNIVAL") is a foreign corporation based in Panama, licensed to conduct business in Florida, with its principle place of business in Miami, Florida.

8.      Plaintiff is unaware of the true name of Defendant UNKNOWN MANUFACTURER OF BARSTOOL AND PARTS (hereinafter "UNKNOWN MANUFACTURER"), and whether said Defendant is a real person, a corporation or another business entity, and therefore sues said Defendant by such fictitious name.   Plaintiffs will amend this complaint to allege said Defendant's true names and capacity when fully and finally ascertained.

9.      Plaintiff is unaware of the true name of Defendant UNKNOWN DISTRIBUTOR OF BARSTOOL AND PARTS (hereinafter "UNKNOWN DISTRIBUTOR"), and whether said Defendant is a real person, a corporation or another business entity, and therefore sues said

Defendant by such fictitious name.  Plaintiffs will amend this complaint to allege said Defendant's true names and capacity when fully and finally ascertained.

10.     Plaintiff is unaware of the true name of Defendant UNKNOWN RETAILER OF BARSTOOL AND PARTS (hereinafter "UNKNOWN RETAILER"), and whether said Defendant is a real person, a corporation or another business entity, and therefore sues said Defendant by such fictitious name.  Plaintiffs will amend this complaint to allege said Defendant's true names and capacity when fully and finally ascertained.

### IV.  FIRST CAUSE OF ACTION

(Negligence against Defendant CARNIVAL)

11.     Plaintiff realleges and incorporates by reference paragraphs 1 through 10, inclusive, as if set forth in full herein.

12.     On or about October 4, 2015, Plaintiff SASQUATCH DURGIN was traveling as a fare paying passenger aboard Defendant CARNIVAL'S vessel "Carnival Imagination", which was had departed Los Angeles, California, on or about October 4, 2015, traveling initially to Catalina Island and then to Ensenada, Mexico, before returning to Los Angeles California on October 8, 2015.

13.     At approximately 11:00 p.m. on October 4, 2015, while exercising due care and caution, Plaintiff SASQUATCH DURGIN was sitting on a barstool with a metal base that was installed into the deck floor at the pool bar.

14.     As Plaintiff was sitting upon the barstool at the pool bar, without any warning to Plaintiff, the barstool suddenly fell backwards, breaking at the base of the barstool at the floor.

15.     Plaintiff instinctually grabbed the edge under the bar counter to prevent his falling completely to the hard ground.

16.     As a direct and proximate result from the sudden fall, Plaintiff felt immediate pain in his lower back and hips.

17.     Before sitting upon the barstool, Plaintiff alleges that he did not see any warnings to indicate that the barstool was not solidly secure at its base.

18.     However, after his sudden fall, Plaintiff inspected the barstool and discovered that the installed barstool was corroded at its base.

19.     On information and belief, a CARNIVAL crew member was nearby and witnessed this fall, as the CARNIVAL crew member as Plaintiff was at an active bar near the cruise ship's swimming pool.

20.     Defendant installed the subject barstool at an outside pool deck at an outside bar.

21.     Defendant intended for its passengers, such as Plaintiff, to use the subject barstool to sit upon while at the bar aboard the cruise ship.

22.     Plaintiff used the barstool in the manner in which it was intended to be used.

23.     Plaintiff used the barstool in a manner that was foreseeable.

24.     Defendant knew that the subject barstool would be used by passengers, such as Plaintiff, to sit upon while at the bar aboard its cruise ship.

25.     Defendant knew or should have known that passengers, such as Plaintiff, would rely upon Defendant to provide them with safe seating aboard the cruise ship.

26.     Defendant knew or should have known that its passengers, such as Plaintiff, would rely upon Defendant to inspect the subject barstool and to keep the barstool in a safe condition.

27.     At all times material, Defendant CARNIVAL, through its employees and agents, had actual or constructive notice of this unreasonable and dangerous condition for passengers such as Plaintiff SASQUATCH DURGIN, as Defendant CARNIVAL, through its employees and agents owed a duty to its passengers duty to exercise reasonable care to maintain its ship for the safety of its passengers, including Plaintiff SASQUATCH DURGIN.

28.     Due to weather conditions at sea and due to exposure, it is foreseeable that the cruise ship's installed barstools are at risk for corrosion, requiring regular inspections and maintenance to keep them in safe condition.

29.     Defendant CARNIVAL negligently breached its duty to exercise reasonable care to maintain its ship for the safety of its passengers, including Plaintiff SASQUATCH DURGIN in one or more of the following manners:

   A. Failure to provide any warnings to passengers such as Plaintiff as to the existing dangerous conditions of the subject barstool;

   B. Failure to post proper and sufficient warning signs to passengers such as Plaintiff indicating that the subject barstool was unsafe;

C. Failure to inspect and/or maintain the installed barstools, including the subject barstool, at the pool deck bar to ensure that the installed barstools, including the subject barstool, were free of potential dangerous conditions;

D. Failure to correct the unreasonable and dangerous conditions;

E. Failure to keep the seating at the pool deck bar in a safe condition for its passengers such as Plaintiff.

30. Defendant CARNIVAL had actual or constructive notice of the unreasonable and dangerous conditions, as it is foreseeable that passengers, such as Plaintiff, would be using the installed barstools at the bar.

31. Defendant CARNIVAL had actual or constructive notice of the unreasonable and dangerous conditions, as it is foreseeable that that these installed barstools were repeatedly exposed to the weather and corrosive conditions at sea.

32. Defendant CARNIVAL acted unreasonably by failing to detect and failing to correct the unreasonable and dangerous condition of the subject barstool, as it is foreseeable that passengers, such as Plaintiff, would be using the subject barstool at the pool deck bar and that the subject barstool was repeatedly exposed to the corrosive conditions at sea.

33. Defendant CARNIVAL acted unreasonably by failing to warn passengers such as Plaintiff that the subject barstool at the pool deck bar was unreasonably unsafe.

34. Defendant CARNIVAL owed a duty to passengers such as Plaintiff to exercise reasonable care in the maintenance of its vessel and breached this duty of care.

35. As a direct and proximate result of Defendant CARNIVAL's conduct and its breach of its duty to use reasonable care in maintaining its ship for the safety of its passengers, Plaintiff SASQUATCH DURGIN sustained serious and severe injuries, including but not limited to injuries to his hips, back, and shoulder, in addition to severe emotional distress and shock.

36. As a direct and proximate result of Defendant CARNIVAL's conduct and its breach of its duty to use reasonable care in maintaining its ship for the safety of its passengers, Plaintiff SASQUATCH DURGIN required necessary medical treatment and has incurred damages for necessary medical treatment, and has also suffered great physical, mental and nervous pain, and general damages according to proof.

///

///

## V.  SECOND CAUSE OF ACTION

(Strict Products Liability against Defendants CARNIVAL,
UNKNOWN MANUFACTURER,
UNKNOWN DISTRIBUTOR and UNKNOWN RETAILER)

37.	Plaintiff realleges and incorporates by reference paragraphs 1 through 36, inclusive, as if set forth in full herein.

38.	Plaintiff alleges that Defendants CARNIVAL, UNKNOWN MANUFACTURER, UNKNOWN DISTRIBUTOR and UNKNOWN RETAILER designed, manufactured, assembled, inspected, failed to test, distributed, constructed and installed the subject barstool.

39.	Defendants CARNIVAL, UNKNOWN MANUFACTURER, UNKNOWN DISTRIBUTOR and UNKNOWN RETAILER installed the subject barstool on an outside pool deck at an outside pool bar.

40.	Defendants knew that the subject barstool would be used by passengers, such as Plaintiff, to use the subject barstool to sit upon while at an outside bar aboard its cruise ship.

41.	Defendants intended for its passengers such as Plaintiff to sit upon the subject barstool while at the outside bar aboard its cruise ship.

42.	Defendants knew that the subject barstool was being installed in a location aboard its cruise ship where the subject barstool where it would be exposed to corrosive conditions at sea.

43.	The subject barstool was unsafe for its intended use by reason of defects in the its design, manufacture, assembly, inspection, testing, packaging, construction, and installation so that it would not safely serve its purpose, but would instead expose the users of the subject product to serious injury because of the failure of the Defendant to properly guard and protect the users of the subject barstool from the defective design, manufacture, assembly, inspection, testing, packaging, construction, and installation of the product.

44.	Plaintiff was unaware of the defects in the subject barstool at the time he sat upon the subject barstool.

45.	As a direct and proximate result of Defendants providing the subject barstool that was unfit for use by passengers aboard the cruise ship, Plaintiff suffered sustained serious and severe injuries, including but not limited to injuries to his hips, back, and shoulder, in addition to severe emotional distress and shock.

46.	As a direct and proximate result of Defendants providing the subject barstool that was unfit for use by passengers aboard the cruise ship, Plaintiff required necessary medical treatment and has

incurred damages for necessary medical treatment, and has also suffered great physical, mental and nervous pain, and general damages according to proof.

WHEREFORE, Plaintiff SASQUATCH DURGIN prays for judgment against Defendants CARNIVAL, UNKNOWN MANUFACTURER, UNKNOWN DISTRIBUTOR and UNKNOWN RETAILER in the amount of $500,000.00, according to proof, as follows:

A. For special damages and economic, including but not limited to, medical bills, in an amount according to proof;

B. For general damages, in an amount according to proof;

C. For loss of enjoyment of life;

D. For costs of suit incurred herein;

E. For any interest as allowed by law;

F. Jury Trial;

G. For such other and further relief that the court deems just and proper.

Date:   September 26, 2016                Respectfully submitted,

   /s/ Richard Birkenwald
Richard Birkenwald, Esq.
Florida Bar Number 621780
birkenwa@ix.netcom.com
2450 Hollywood Blvd, Ste 305
Hollywood Florida 33020
Telephone: 305-944-3335
Telecopier: 305-722-3668
Attorney for Plaintiff,
SASQUATCH DURGIN

## DEMAND FOR JURY TRIAL

Plaintiff SASQUATCH DURGIN hereby requests trial by jury.

Dated:  September 26, 2016                Respectfully submitted,

   /s/ Richard Birkenwald
Richard Birkenwald, Esq.
Florida Bar Number 621780
birkenwa@ix.netcom.com
2450 Hollywood Blvd, Ste 305
Hollywood Florida 33020
Telephone: 305-944-3335
Telecopier: 305-722-3668
Attorney for Plaintiff,
SASQUATCH DURGIN